JOURNAL ENTRY and OPINION
This case is before the court on appeal from a judgment convicting defendant-appellant Michael King for receiving stolen property in violation of R.C. 2913.51. Appellant asserts the following single assignment of error:
 APPELLANT'S CONVICTION FOR RECEIVING STOLEN PROPERTY MUST BE REVERSED BECAUSE IT IS AGAINST THE WEIGHT OF THE EVIDENCE.
We cannot conclude that the jury clearly lost its way and created a manifest miscarriage of justice by finding appellant guilty of receiving stolen property. Therefore, we affirm.
 FACTUAL AND PROCEDURAL HISTORY
In a two-count indictment filed March 7, 2000, appellant was charged with receiving stolen property, a 1989 Buick, in violation of R.C. 2913.51
and possession of criminal tools, a license plate, in violation of R.C.2923.24. The case proceeded to a jury trial on December 6, 2001. The jury found appellant guilty of receiving stolen property but not guilty of possession of criminal tools. The court immediately sentenced him to twelve months' imprisonment, entering separate findings in support of the sentence.
At trial, the state presented the testimony of the owner of the automobile, Amy Miller, as well as Police Officers Daniel Svoboda, Albert McCue, Kimberly Rudolph, Officer Wimberly,[1] and Detective Daniel Saggio.
Miller testified that she owned a 1989 Buick Century which she had parked in a parking lot near her apartment in Shaker Heights, Ohio on Sunday, January 16, 2000. She discovered the automobile was missing when she went to retrieve it on the morning of Tuesday, January 18. No one else had permission to use it.
Miller reported to the Shaker Heights Police Department that the car was stolen. Approximately one week later, they informed her that the car had been found, and she went to an impound lot to retrieve it. She found the car's interior was dirty and smelled of smoke. The trunk and driver's side door locks were punched out, and the steering column was peeled. These conditions had not existed the last time she saw the vehicle.
Cleveland Patrol Officer Daniel Svoboda testified that on January 24, 2000 at approximately 10:30 p.m., he was driving his patrol car southbound on East 79th Street at Quincy. He was just entering the intersection when an eastbound vehicle on Quincy sped through a red light across his path. Svoboda followed the vehicle, a 1989 Buick Century, without activating his light or siren.
The driver, the sole occupant of the car, attempted to make a turn onto Quincy but went into a vacant field instead. Officer Svoboda then activated his light and siren.
The car continued traveling across the field and attempted to turn westbound on Golden Avenue. Again, the driver failed to negotiate the turn, and the vehicle went onto a sidewalk. The driver then exited the vehicle and ran past the patrol car. Svoboda saw the driver and what he was wearing. Svoboda saw no other people on foot and no other vehicles in the area. Police Officers Albert McCue and George Janusczak, who were riding in Svoboda's patrol car, gave chase on foot while Svoboda followed in the car.
Two officers from another patrol car, Officers Wimberly and Rudolph, caught the driver in a vacant field behind a house on Golden Avenue. They placed him in Officer Svoboda's patrol car. Svoboda identified this person, the appellant, as the person who had exited the Buick Century.
Svoboda checked the temporary license plate on the vehicle, but it did not match the vehicle. He then checked the Vehicle Identification Number (VIN) and learned that the vehicle had been reported stolen from Shaker Heights. He reported that he found a screwdriver on the floor in front of the driver's seat. Svoboda testified that stolen vehicles are often started with screwdrivers.
Officer McCue, who was riding with Svoboda, testified that he broadcast that they were in pursuit of an automobile as they were chasing the Buick. After the driver left the vehicle, McCue broadcast a brief description of him, a black male, 5 feet 7 or 8 inches, 180 to 190 pounds, wearing a green army jacket, running westbound on Golden Avenue. Then McCue and Officer Janusczak followed the driver on foot. They saw him go up a driveway on Golden Avenue; there was a high fence in the back yard. McCue broadcast his location. Officers Wimberly and Rudolph pulled their vehicle up to a field on the other side of the fence and apprehended the driver.
Officers Rudolph and Wimberly testified that they responded to Officer McCue's broadcast, parking their patrol car on Central Avenue and proceeding on foot through an open field. They saw a male coming over a fence and apprehended him. Officer Rudolph said Officers McCue and Svoboda were on the other side of the fence and acknowledged that this was the suspect they were chasing; Officer Wimberly testified that the officers on the other side of the fence were Officers McCue and Janusczak.
Detective Daniel Saggio testified that he took a statement from appellant. Appellant said he borrowed the car from another person at a drug house. The person who loaned it to him told him it was stolen.
 LAW AND ANALYSIS
Appellant argues that his conviction was contrary to the manifest weight of the evidence. In evaluating the manifest weight of the evidence, this court must review the entire record, weigh the testimony and other evidence, and determine whether the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. State v. Martin (1983), 20 Ohio App.3d 172, 175 (cited with approval in State v. Thompkins [1997], 78 Ohio St.3d 380, 387).
In this case, appellant admitted to Detective Saggio that he was driving the automobile and knew it was stolen. He was apprehended within minutes after he fled from the stolen automobile on foot. No other persons were observed in the area. He was under surveillance by Officer McCue for the entire time he was on foot, except for brief periods when a house or other object blocked his view. The minor inconsistency in the testimony of Officers Rudolph and Wimberly as to whether Officer Svoboda or Officer McCue identified the appellant as the suspect they were chasing simply does not create such uncertainty as to show that appellant's conviction was a manifest miscarriage of justice. Therefore, we overrule appellant's assignment of error and affirm his conviction.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
DIANE KARPINSKI, A.J. and MICHAEL J. CORRIGAN, J. CONCUR
[1] Officer Wimberly's given name does not appear in the record.